UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

JANET FASHAKIN,

                        Plaintiff,

                                                REPORT AND
        - against -                             RECOMMENDATION

                                                CV 05-1339 (ERK)(MDG)
RISK MANAGEMENT ALTERNATIVES, INC. and
NEXTEL COMMUNICATIONS,

                        Defendant.

- - - - - - - - - - - - - - - - - - - X


        The letter of defendant Risk Management Alternatives, Inc.
("RMA") objecting to dismissal of this action without prejudice
has been referred to me for report and recommendation.  For the
following reasons, I recommend that the Court's order granting
plaintiff's request for dismissal of the action without prejudice
be modified to the extent set forth below.


                            BACKGROUND

        On or about February 11, 2005, RMA received a Summons with
Notice regarding commencement of an action in the Civil Court of
the City of New York, County of Queens.  See Notice of Removal
(attached as Exhibit A to Certificate of Filing in the State
Court) (ct. doc. 1) at ¶¶ 1, 4, Exh. A.  In the Summons,
plaintiff Janet Fashakin, an attorney proceeding pro se, sought
$25,000 for damages arising from "unfair debt collection
practices [which is] continuing to cause damage to plaintiff's
credit report despite a request to desist."  Id., Exh. A.  With
the consent of defendant Nextel Communications, RMA removed the

action from the Civil Court on March 11, 2005. <u>Id</u>.  In its

Notice of Removal, RMA alleges that this Court has original

jurisdiction over the claims in the action pursuant to 28 U.S.C.

§ 1331 because plaintiff asserts a claim under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as

a claim under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §

1581 <u>et</u> <u>seq</u>.[1]  <u>Id.</u> at ¶ 2.  On March 14, 2005, RMA filed an

---

[1]  The determination whether a claim arises under federal
law "is governed by the 'well-pleaded complaint rule,' which
provides that federal jurisdiction exists only when a federal
question is presented on the face of the plaintiff's properly
pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386,
392 (1987) (citations omitted).  Although sparse, plaintiff's
Summons with Notice suffices as an "initial pleading" for
purposes of removal since it "provides sufficient information
from which a defendant can ascertain removability." <u>Whitaker v.
American Telecasting, Inc.</u>, 261 F.3d 196, 204-05 (2d Cir. 2001)
(30 day removal period triggered by the summons with notice at
issue).  Plaintiff does not cite, and this Court is not aware of,
a state statute or local law giving rise to a claim based on the
debt collection or credit reporting practices possibly at issue
here.  Reported state court cases concerning debt collection
practices have generally analyzed claims only under the FDCPA or
FCRA, rather than state law.  <u>See</u>, <u>e.g.</u>, <u>Homeowners Ass'n of
Victoria Woods, III, Inc. v. Incarnato</u>, 8 A.D.3d 983, 778
N.Y.S.2d 811 (4th Dep't 2004) (analyzed under FDCPA); <u>United
Companies Lending Corp. v. Candela</u>, 292 A.D.2d 800, 740 N.Y.S.2d
543 (4th Dep't 2002) (same); <u>Polzer v. TRW, Inc.</u>, 256 A.D.2d 248,
249, 682 N.Y.S.2d 194 (1st Dep't 1998) (finding claim not viable
under N.Y. General Business Law § 349 and precluded by FCRA);
<u>Holder v. General Motors Corp.</u>, 189 Misc.2d 297, 732 N.Y.S.2d 545
(Nassau Cty. 2001) (analyzed under FDCPA).  Although some of the
reported state cases have also discussed claims under common law
causes for defamation or negligence, § 1681(e) of the FCRA
expressly provides that the statute preempts state law claims for
defamation or negligent reporting unless the plaintiff consumer
proves "malice or willful intent to injure." <u>Young v. Equifax
Credit Information Srvs., Inc.</u>, 294 F.3d 631, 638 (5th Cir. 2002)
(citing cases); <u>O'Diah v. New York City</u>, NO. 02 CIV. 274, (DLC)
2003 WL 22021921, at *2 (S.D.N.Y. Aug. 28, 2003). Thus, in the
absence of a discernible claim under state law, this Court finds
that the claims arise under federal law and were properly removed
by RMA. <u>See</u> 28 U.S.C. § 1446(b)(4) (district court must promptly
examine notice of removal and summarily remand cases which are
facially improvidently removed).

answer to the Summons with Notice, which it served on the other parties by overnight mail.  <u>See</u> ct. doc. 4.

In a Notice of Filing of Voluntary Discontinuance dated March 15, 2005, plaintiff claimed that she had filed a Notice of Voluntary Dismissal with the Clerk of the Civil Court on March 15, 2005.  <u>See</u> ct. doc. 6 at 1.  Arguing that because "the action that [RMA] sought to transfer has been voluntarily discontinued by the plaintiff without prejudice," she requested that the action be dismissed without prejudice.  <u>Id.</u> at 1.  The Honorable Edward R. Korman, Chief United States District Judge, "so ordered" plaintiff's request on March 29, 2005.  <u>Id.</u>

By letter dated March 25, 2005, Lisa Wolmart, counsel for RMA, objected to dismissal without prejudice based on Ms. Fashkin's Notice of Voluntary Discontinuance.  <u>See</u> ct. doc. 5. RMA contended that the notice was both procedurally defective and would unnecessarily subject RMA, which had already expended considerable effort in this action, to defend a new action that Ms. Fashkin had said she would be filing.  <u>Id.</u> at 2.  Chief Judge Korman then referred RMA's application to me.

By order dated April 8, 2005, this Court directed any response to defendants' letter to be filed by April 15, 2005.  To date, no response has been received.

<u>DISCUSSION</u>

Plaintiff claimed dismissal of this action without prejudice was appropriate because she filed a notice of voluntary discontinuance in the Civil Court.  However, as courts have long recognized, after removal, the jurisdiction of the state court

-3-

"absolutely ceased, and that of the [federal court] immediately attached."  Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882); Anderson v. United Realty Co., 222 U.S. 164, 165 (1911) ("it was the duty of the state court to accept the petition and bond and proceed no further in the case").  The federal removal statute specifies that the filing of a copy of the notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d); Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1255 n. 11 (11th Cir. 1988) (noting that 28 U.S.C. § 1446 was amended after Tugman to provide that the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even where a case is improperly removed).  As counsel for defendant certified in a Certificate of Filing, on March 11, 2005, she caused the filing of a Notice of Removal in this Court, as well as the filing of a Notice of Filing of the Notice of Removal in the Civil Court.  See ct. doc. 1 at ¶¶ 2, 3.  Thus, as of March 11, 2005, the Civil Court was without jurisdiction to act on plaintiff's Notice of Voluntary Dismissal dated March 15, 2005.  See Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 9 at n.23 (1st Cir. 2004) (judgment of Puerto Rico Supreme Court issued after receipt of notice of removal earlier in the day is void); Nasso v. Seagal, 263 F.Supp.2d 596, 609 (E.D.N.Y. 2003) ("removal divested the state court of jurisdiction to conduct further proceedings").

Nor may plaintiff now voluntarily dismiss the action as of right in this Court.  Rule 41(a)(1) of the Federal Rules of Civil Procedure specifies that:

> [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Because RMA filed its answer on March 14, 2005, plaintiff may dismiss the action only by stipulation in accordance with Rule 41(a)(1)(ii) or by order of the court pursuant to Rule 41(a)(2). Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990).

Since RMA has indicated that it will stipulate to dismissal only if with prejudice, this Court must determine whether to dismiss this action "at the plaintiff's instance ... upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  This is a determination left to the sound discretion of the trial court.  Cantanzano v. Wing, 244 F.3d 99, 109 (2d Cir. 2001).

The rule in the Second Circuit is that dismissal without prejudice under Rule 41(a)(2) should be allowed absent prejudice to the defendant.  See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).  In Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990), the Second Circuit listed five factors relevant to determining whether an action should be dismissed under Rule 41(a)(2): (1) the plaintiff's diligence in seeking dismissal; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for

-5-

the need to dismiss.  See D'Alto 100 F.3d at 283.  Since none of
the parties have discussed these factors, this Court will examine
them based on the record presented.

Several of the factors clearly weigh in favor of granting
plaintiff's request.  Plaintiff has been diligent in bringing
this motion, seeking dismissal shortly after removal.  As a
result, this litigation is in its early stages.  As there has
been no discovery nor substantive motions, the claimed prejudice
to defendants because of potential duplicitous litigation
expenses is not substantial.  Notwithstanding RMA's complaint
over the costs already incurred, the prospect of a new litigation
is ordinarily not sufficient to constitute legal prejudice.  See
D'Alto, 100 F.3d at 283 (citing Jones v. SEC, 298 U.S. 1, 19
(1936)).

Although there is no indication that plaintiff's claims are
vexatious, plaintiff's conduct in inducing the Court to dismiss
this action by filing of a notice of voluntary dismissal in state
court is questionable and vexatious.  Plaintiff represented to
the Court in her Notice of Filing of Voluntary Discontinuance
that the action had been voluntarily discontinued in the Civil
Court.  Although proceeding pro se, plaintiff is an attorney and
undoubtedly was aware that she could not file a voluntary
dismissal of this action in this Court after RMA filed its
answer.  She then proceeded to file a Notice of Voluntary
Discontinuance in the Civil Court on March 15, 2005.  She should
also have known that after removal, the Civil Court lacked
jurisdiction over the action until such time that this Court

-6-

remands the case.  Assuming that she was not aware of this and
that she filed the notice in state court prior to the receipt of
RMA's answer sent by overnight mail on March 14, 2005, plaintiff
inexplicably remained silent after RMA objected.  In fact,
although plaintiff's notice to this Court is dated March 15,
2005, it bears a March 23, 2005 date stamp of the Clerk's Office.
Plaintiff may very well have filed her request to this Court
after she received RMA's answer.  Plaintiff's conduct is, at
best, irresponsible, assuming that she truly believed the notice
of voluntary discontinuance filed in state court was valid at the
time she made her request to dismiss the action.

        Further, since plaintiff has not responded to the RMA's
application, this court has no explanation why plaintiff needs to
dismiss this action, other than an impression that she has no
desire to proceed in this Court.  While she may be better able to
minimize inconvenience to her by litigating her claims in a state
court near her residence, this is not a factor weighing in favor
of dismissal without prejudice.

        Despite plaintiff's conduct and the lack of a persuasive
reason, I find after considering the other Zagano factors, that
they weigh in favor of dismissal of the action without prejudice.
However, since Rule 41(a)(2) confers upon this Court the right to
condition dismissal on such terms as may be proper, I recommend
that this Court fashion relief to address RMA's concerns that it
not be subject to duplicative legal costs should plaintiff bring
a new action.

Courts have often awarded the defendant costs or fees in cases where a plaintiff successfully dismisses a suit without prejudice under Rule 41(a)(2).  Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 357 (E.D.N.Y. 2002) (citing cases).  "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refilled and will impose duplicative expenses upon him."  Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).

Since this litigation is in the early stages, there will not be substantial duplicative legal work expended should a new action be brought.  However, there is a reasonable likelihood that any new action against the two defendants would again be removed to federal court.  As discussed above, plaintiff's claims, however styled, are likely to arise under federal law, supra at 2, n. 1.  In any event, since plaintiff served the two defendants at corporate offices located in other states, there may very well be diversity jurisdiction over purely state law claims.  Thus, should plaintiff still seek dismissal of this action without prejudice, I recommend that this Court award RMA the reasonable costs, but not attorneys' fees, incurred in removing this action, including all filing fees, copying costs, and costs in filing and mailing papers.

<u>CONCLUSION</u>

For the foregoing reasons, I recommend that the plaintiff be given the opportunity to determine whether she still wishes to dismiss this case without prejudice.  If she still requests that dismissal be without prejudice, I further recommend that the Court condition such dismissal upon payment to RMA of the costs of removing this action.  Should plaintiff seek to withdraw her request that the case be dismissed or agree to dismissal with prejudice, she should promptly notify the other parties and this Court, so that appropriate action may be taken.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by May 18, 2005.  Failure to file objections within the specified time waives the right to appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 25, 2005

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE


filed electronically on April 25, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418