```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
JANET FASHAKIN,
                                            SUPPLEMENTAL
                    Plaintiff,             REPORT AND
                                            RECOMMENDATION
        - against -
                                            CV 05-1339 (ERK)(MDG)

RISK MANAGEMENT ALTERNATIVES, INC. and
NEXTEL COMMUNICATIONS,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - X
```

In a report and recommendation dated April 25, 2005 ("First Report"), this Court addressed the March 25, 2005 letter of counsel for defendant Risk Management Alternatives, Inc. ("RMA") objecting to plaintiff's request for dismissal of this action without prejudice.  In issuing the First Report, this Court mistakenly noted that plaintiff Janet Fashakin had not responded to RMA's application.  Having now received a copy of Ms. Fashakin's response dated April 11, 2005 ("Pl.'s Response") filed with the Clerk's Office on April 15, 2005, this supplemental report and recommendation addresses the issues raised in plaintiff's response not discussed in the First Report.

## DISCUSSION

In the March 25th letter of its counsel, RMA argued that plaintiff could not, without RMA's consent, seek dismissal of this action without prejudice because RMA had already filed an answer.  Plaintiff claims that RMA's letter is moot since Chief

Judge Korman had already approved dismissal of the case.  Of course, by referring RMA's letter to me, Chief Judge Korman effectively authorized reconsideration of his endorsed order dated March 29, 2005 approving of plaintiff's request.  Such reconsideration is both timely and appropriate since the Court's original approval of plaintiff's request may have been made without consideration of RMA's letter filed a few days before; similar to the situation at hand where this Court issued the First Report without considering Pl.'s Response.

Plaintiff also complains that RMA's letter is not a "proper paper recognized as motion, pleading or affidavit."  Pl.'s Response at ¶ 1.  This argument makes little sense in light of the fact the letter was in response to plaintiff's procedurally inappropriate attempt to seek dismissal of this action by relying on a notice of voluntary dismissal she filed in state court.  As discussed in the First Report, after RMA removed this action, any notice of voluntary dismissal filed in state court is without effect and a notice of voluntary dismissal could not be filed in this Court since defendant had filed an answer.  Id. at 3-5; see also Otway v. City of New York, 818 F.Supp. 659, 660 (S.D.N.Y. 1993) (amended complaint dropping federal claims which was filed in state court after removal was without effect).

Pointing to the fact that a summons with notice is not a pleading requiring a response under state law, plaintiff argues that she "has an absolute and unconditional statutory right to discontinue this action with prejudice" pursuant to New York CPLR § 3217(a).  Pl.'s Response at ¶ 2.  However, the Federal Rules of

-2-

Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fed. R. Civ. P. 81(c); see also Willy v. Coastal Corp., 503 U.S. 131, 134-35 (1992) (holding that the "expansive language" of Rule 81(c) "indicates a clear intent to have the [Federal] Rules ... apply to all district court civil proceedings"). Since removal has been based on this Court's federal question jurisdiction, this Court is not confronted with the sometimes difficult task presented in diversity cases of determining whether a rule is substantive or procedural. See Com/Tech Communications Tech., Inc. v. Wireless Data Systems, Inc., 163 F.3d 149, 150 (2d Cir. 1998) (per curiam) (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996)). In any event, "where the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that ... the Federal Rule applies regardless of contrary state law.'" Id. at 150-51 (citing Gasperini, 518 U.S. at 427 n. 7).

The only question is whether RMA could properly interpose an answer to the summons and notice served. Rule 81(c) governs the filing of an answer in removed cases, specifying that:

> [T]he defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of the summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

Fed. R. Civ. P. 81(c). The phrase "initial pleading setting forth the claim for relief" in Rule 81(c) is identical to the

-3-

language in 28 U.S.C. § 1446(b) specifying that receipt by the defendant "of a copy of the initial pleading setting forth the claim for relief..." starts the 30 day period for removal. See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 203 (2d Cir. 2001). As the Second Circuit noted in Whitaker, because § 1446(b) referred to receipt of an <u>initial</u> <u>pleading</u>, rather than a <u>complaint</u>, receipt of a summons with notice "may constitute an initial pleading for removal purposes." Id. at 203-04; see also First Report at 1 n.1. Thus, an initial pleading sufficient to trigger the 30 day removal period necessarily should also trigger to time periods for answering under Rule 81(c). In this case, RMA was required to file an answer by the later of: March 3, 2005, which is 20 days after its receipt of the summons with notice on February 11, 2005; or March 16, 2005, which is five days after filing the removal petition on March 11, 2005. Even though state law does not require a defendant to answer until after a complaint is filed following a demand for a complaint, RMA properly followed Rule 81(c) in filing an answer. See Com/Tech, 163 F.3d 149 (holding that Fed. R. Civ. P. 13 governs the availability of counterclaims with respect to summary proceeding removed from New York state court, even though counterclaims would not be permitted under the CPLR).

  Plaintiff also claims that the removal on March 11, 2005 is untimely, suggesting that because RMA may have arranged for "pre-purchase index notification of service," the defendants had sufficient information to determine removability as of February 8, 2005. Pl.'s Response at ¶ 3. The removal statute provides

that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief..." 28 U.S.C. § 1446(b). In applying this provision, the Supreme Court made clear in <u>Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.</u>, 546 U.S. 344, 347-48 (1999), that mere notice is not sufficient to constitute "receipt by the defendant, through service or otherwise..,"

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by <u>formal</u> <u>process</u>. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint ..., but not by mere receipt of the complaint unattended by any formal service.

<u>Id.</u> (emphasis added). Whether or not the defendants had some sort of notice that plaintiff had commenced this action on February 8, 2005, the time for removal was not triggered until the defendants actually received the summons with notice. In this regard, in cases involving multiple defendants, most courts in this Circuit have measured the 30 day period for removal from the day the last served defendant received the initial pleading. <u>See</u>, <u>e.g.</u>, <u>Barnhart v. Federated Dep't Stores</u>, Inc., No. 04 Civ. 3668, 2005 WL 549712, at *6 (S.D.N.Y. March 8, 2005); <u>Fernandez v. Hale Trailer Brake & Wheel</u>, 332 F. Supp.2d 621, 622-24 (S.D.N.Y. 2004); <u>Carter v. Geldis</u>, No. 00 Civ. 7236, 2002 WL 1159904, at *1 n.3 (E.D.N.Y. Apr. 23, 2002); <u>Varela v. Flintlock</u>

<u>Constr., Inc.</u>, 148 F. Supp.2d 297, 300 (S.D.N.Y. 2001).  Thus, RMA timely removed this action from state court.

### CONCLUSION

Since plaintiff's arguments in her response do not change the conclusions I reached in the First Report, I adhere to my original recommendations.  If the plaintiff still wishes to dismiss this action, dismissal should be without prejudice, but conditioned upon payment to RMA of the costs of removing this action.  Should plaintiff seek to withdraw her request that the case not be dismissed or that it be dismissed with prejudice, she should promptly notify the other parties and this Court, so that appropriate action may be taken.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by May 18, 2005.  Failure to file objections within the specified time waives the right to appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 28, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

filed electronically on April 28, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418