

**COURTESY COPY**

**PITNEY HARDIN LLP**

(MAIL TO)
P.O. BOX 1945
MORRISTOWN, NEW JERSEY 07962-1945

(DELIVERY TO)
200 CAMPUS DRIVE
FLORHAM PARK, NEW JERSEY 07932-0950
(973) 966-6300
FACSIMILE (973) 966-1015

LISA MARTINEZ WOLMART
DIRECT DIAL NUMBER
(973) 966-8123
E-MAIL
LWOLMART@PITNEYHARDIN.COM

NEW YORK, NEW YORK
(212) 297-5800
FACSIMILE (212) 916-2940

BRUSSELS, BELGIUM
32-02-514-54-19
FACSIMILE 32-02-514-16-59

[handwritten: Order] s/Edward R. Korman

FILED
IN CLERK'S OFFICE
U.S. ____ ____ E.D. N.Y.
★ APR 0 5 2005 ★
P.M. ____
TIME A.M. ____

March 25, 2005

VIA ECF CASE FILING
(COURTESY COPY TO CHAMBERS BY UPS-OVERNIGHT)

Hon. Edward R. Korman, U.S.D.J.
United States District Court
Eastern District of NY
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Janet Fashakin v. Risk Management Alternative and Nextel Communications*; Civ. Action No. 05-1339 (ERK) (MDG)

Dear Judge Korman:

This firm represents the defendant Risk Management Alternatives, Inc. ("RMA") in the above-referenced matter. The purpose of this letter is to address plaintiff's recent filing of a "Notice of Filing Voluntary Discontinuance" in the above-referenced matter, and, specifically, plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 41(a)(1). For the reasons set forth in detail below, RMA respectfully requests that plaintiff's application for a discontinuance be denied unless plaintiff is prepared to dismiss the above-referenced matter *with prejudice*.

As Your Honor is aware, this action was removed to this Court by RMA on March 11, 2005. In addition, RMA filed its answer to the general allegations contained in the Complaint on March 14, 2005. RMA also served plaintiff with a copy of its answer on March 14, 2005, by causing the answer to be sent to the plaintiff via overnight mail on that same date.

Notwithstanding the foregoing, plaintiff Janet Fashakin purported to file a "Notice of Voluntary Discontinuance" with the Civil Court of the City of New York, County of Queens, on March 15, 2005, after this action was duly removed, and after the state court no longer retained jurisdiction. Plaintiff also purported to file a "Notice of Filing Voluntary Discontinuance" with this Court on March 15, 2005, notwithstanding the requirements of Rule

PITNEY HARDIN LLP
Hon. Edward R. Korman, U.S.D.J.
March 25, 2005
Page 2

41(a)(1), which requires that plaintiff obtain RMA's consent to a voluntary dismissal, given RMA's filing and service of its answer on March 14, 2005.

      While RMA will agree to a voluntary dismissal of this matter *with prejudice*, it will not agree to the proposed dismissal *without prejudice*, as RMA has already incurred significant attorneys' fees and costs in connection with its removal application, and the filing of its answer. During a telephone conference held with the plaintiff on Thursday, March 24, 2005, I advised plaintiff of RMA's position, and plaintiff confirmed that she fully intends to proceed with her claims against RMA. Indeed, plaintiff advised my office that she intends to withdraw this action, and immediately file a new lawsuit. Consequently, RMA should not be forced to incur additional attorneys' fees and costs in connection with plaintiff's procedurally defective application for discontinuance.

      As plaintiff does not have the authority to dismiss this matter without RMA's consent, RMA respectfully submits that plaintiff's application for a discontinuance should be denied.

Respectfully submitted,

*[signature]*

LISA MARTINEZ WOLMART

cc:    Hon. Marilyn D. Go U.S.M.J. (via overnight delivery)
         Janet Fashakin, Esq. (via overnight delivery)
         Kirk Salzmann, Esq. (via overnight delivery)