Courts have often awarded the defendant costs or fees in cases where a plaintiff successfully ~~dismisses~~ a suit without prejudice under Rule 41(a)(2). Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 357 (E.D.N.Y. 2002) (citing cases). "The purpose of such awards is generally ~~to reimburse~~ the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).

Since this litigation is in the early stages, there will not be substantial duplicative legal work expended should a new action be brought. However, there is a reasonable likelihood that any new action against the two defendants would again be removed to federal court. As discussed above, plaintiff's claims, however styled, are likely to arise under federal law, supra at 2, n. 1. In any event, since plaintiff served the two defendants at corporate offices located in other states, there may very well be diversity jurisdiction over purely state law claims. Thus, should ~~plaintiff still seek dismissal~~ of this action without prejudice, I recommend that this Court award RMA the reasonable costs, but not attorneys' fees, incurred in removing this action, including all filing fees, copying costs, and costs in filing and mailing papers.

*Order*

The def's letter of March 25, 2005, is treated as a motion for reconsideration of the order dismissing the complaint w/o prejudice. The motion is denied. I do not share the concern of the U.S. mag. that plaintiff will refile in New York State again. If she does so improperly, appropriate sanctions may be imposed in excess of the minimal sanction suggested by the mag.

s/Edward Korman

<u>CONCLUSION</u>

For the foregoing reasons, I recommend that the plaintiff be given the opportunity to determine whether she still wishes to dismiss this case without prejudice.  If she still requests that dismissal be without prejudice, I further recommend that the Court condition such dismissal upon payment to RMA of the costs of removing this action.  Should plaintiff seek to withdraw her request that the case be dismissed or agree to dismissal with prejudice, she should promptly notify the other parties and this Court, so that appropriate action may be taken.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by May 18, 2005.  Failure to file objections within the specified time waives the right to appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 25, 2005


                                   /s/_____
                                   MARILYN D. GO
                                   UNITED STATES MAGISTRATE JUDGE


filed electronically on April 25, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418


-9-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

JANET FASHAKIN,

                    Plaintiff,

          - against -                    REPORT AND
                                         RECOMMENDATION

                                         CV 05-1339 (ERK)(MDG)
RISK MANAGEMENT ALTERNATIVES, INC. and
NEXTEL COMMUNICATIONS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - X

          The letter of defendant Risk Management Alternatives, Inc.

("RMA") objecting to dismissal of this action without prejudice

has been referred to me for report and recommendation.  For the

following reasons, I recommend that the Court's order granting

plaintiff's request for dismissal of the action without prejudice

be modified to the extent set forth below.

                              BACKGROUND

          On or about February 11, 2005, RMA received a Summons with

Notice regarding commencement of an action in the Civil Court of

the City of New York, County of Queens.  See Notice of Removal

(attached as Exhibit A to Certificate of Filing in the State

Court) (ct. doc. 1) at ¶¶ 1, 4, Exh. A.  In the Summons,

plaintiff Janet Fashakin, an attorney proceeding pro se, sought

$25,000 for damages arising from "unfair debt collection

practices [which is] continuing to cause damage to plaintiff's

credit report despite a request to desist."  Id., Exh. A.  With

the consent of defendant Nextel Communications, RMA removed the

action from the Civil Court on March 11, 2005.  Id.  In its

Notice of Removal, RMA alleges that this Court has original

jurisdiction over the claims in the action pursuant to 28 U.S.C.

§ 1331 because plaintiff asserts a claim under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as

a claim under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §

1581 et seq.[1]  Id. at ¶ 2.  On March 14, 2005, RMA filed an

---

[1]  The determination whether a claim arises under federal
law "is governed by the 'well-pleaded complaint rule,' which
provides that federal jurisdiction exists only when a federal
question is presented on the face of the plaintiff's properly
pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386,
392 (1987) (citations omitted).  Although sparse, plaintiff's
Summons with Notice suffices as an "initial pleading" for
purposes of removal since it "provides sufficient information
from which a defendant can ascertain removability."  Whitaker v.
American Telecasting, Inc., 261 F.3d 196, 204-05 (2d Cir. 2001)
(30 day removal period triggered by the summons with notice at
issue).  Plaintiff does not cite, and this Court is not aware of,
a state statute or local law giving rise to a claim based on the
debt collection or credit reporting practices possibly at issue
here.  Reported state court cases concerning debt collection
practices have generally analyzed claims only under the FDCPA or
FCRA, rather than state law.  See, e.g., Homeowners Ass'n of
Victoria Woods, III, Inc. v. Incarnato, 8 A.D.3d 983, 778
N.Y.S.2d 811 (4th Dep't 2004) (analyzed under FDCPA); United
Companies Lending Corp. v. Candela, 292 A.D.2d 800, 740 N.Y.S.2d
543 (4th Dep't 2002) (same); Polzer v. TRW, Inc., 256 A.D.2d 248,
249, 682 N.Y.S.2d 194  (1st Dep't 1998) (finding claim not viable
under N.Y. General Business Law § 349 and precluded by FCRA);
Holder v. General Motors Corp., 189 Misc.2d 297, 732 N.Y.S.2d 545
(Nassau Cty. 2001) (analyzed under FDCPA).  Although some of the
reported state cases have also discussed claims under common law
causes for defamation or negligence, § 1681(e) of the FCRA
expressly provides that the statute preempts state law claims for
defamation or negligent reporting unless the plaintiff consumer
proves "malice or willful intent to injure."  Young v. Equifax
Credit Information Srvs, Inc., 294 F.3d 631, 638 (5th Cir. 2002)
(citing cases); O'Diah v. New York City, NO. 02 CIV. 274, (DLC)
2003 WL 22021921, at *2 (S.D.N.Y. Aug. 28, 2003).  Thus, in the
absence of a discernible claim under state law, this Court finds
that the claims arise under federal law and were properly removed
by RMA.  See 28 U.S.C. § 1446(b)(4) (district court must promptly
examine notice of removal and summarily remand cases which are
facially improvidently removed).

answer to the Summons with Notice, which it served on the other
parties by overnight mail.  See ct. doc. 4.

In a Notice of Filing of Voluntary Discontinuance dated
March 15, 2005, plaintiff claimed that she had filed a Notice of
Voluntary Dismissal with the Clerk of the Civil Court on March
15, 2005.  See ct. doc. 6 at 1.  Arguing that because "the action
that [RMA] sought to transfer has been voluntarily discontinued
by the plaintiff without prejudice," she requested that the
action be dismissed without prejudice.  Id. at 1.  The Honorable
Edward R. Korman, Chief United States District Judge, "so
ordered" plaintiff's request on March 29, 2005.  Id.

By letter dated March 25, 2005, Lisa Wolmart, counsel for
RMA, objected to dismissal without prejudice based on Ms.
Fashkin's Notice of Voluntary Discontinuance.  See ct. doc. 5.
RMA contended that the notice was both procedurally defective and
would unnecessarily subject RMA, which had already expended
considerable effort in this action, to defend a new action that
Ms. Fashkin had said she would be filing.  Id. at 2.  Chief Judge
Korman then referred RMA's application to me.

By order dated April 8, 2005, this Court directed any
response to defendants' letter to be filed by April 15, 2005.  To
date, no response has been received.

## DISCUSSION

Plaintiff claimed dismissal of this action without prejudice
was appropriate because she filed a notice of voluntary
discontinuance in the Civil Court.  However, as courts have long
recognized, after removal, the jurisdiction of the state court

"absolutely ceased, and that of the [federal court] immediately
attached." Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882);
Anderson v. United Realty Co., 222 U.S. 164, 165 (1911) ("it was
the duty of the state court to accept the petition and bond and
proceed no further in the case"). The federal removal statute
specifies that the filing of a copy of the notice of removal
"shall effect the removal and the State court shall proceed no
further unless and until the case is remanded." 28 U.S.C. §
1446(d); Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1255 n.
11 (11th Cir. 1988) (noting that 28 U.S.C. § 1446 was amended
after Tugman to provide that the filing of a removal petition
terminates the state court's jurisdiction until the case is
remanded, even where a case is improperly removed). As counsel
for defendant certified in a Certificate of Filing, on March 11,
2005, she caused the filing of a Notice of Removal in this Court,
as well as the filing of a Notice of Filing of the Notice of
Removal in the Civil Court. See ct. doc. 1 at ¶¶ 2, 3. Thus, as
of March 11, 2005, the Civil Court was without jurisdiction to
act on plaintiff's Notice of Voluntary Dismissal dated March 15,
2005. See Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 9 at
n.23 (1st Cir. 2004) (judgment of Puerto Rico Supreme Court
issued after receipt of notice of removal earlier in the day is
void); Nasso v. Seagal, 263 F.Supp.2d 596, 609 (E.D.N.Y. 2003)
("removal divested the state court of jurisdiction to conduct
further proceedings").

-4-

Nor may plaintiff now voluntarily dismiss the action as of right in this Court. Rule 41(a)(1) of the Federal Rules of Civil Procedure specifies that:

> [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Because RMA filed its answer on March 14, 2005, plaintiff may dismiss the action only by stipulation in accordance with Rule 41(a)(1)(ii) or by order of the court pursuant to Rule 41(a)(2). Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990).

Since RMA has indicated that it will stipulate to dismissal only if with prejudice, this Court must determine whether to dismiss this action "at the plaintiff's instance ... upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). This is a determination left to the sound discretion of the trial court. Cantanzano v. Wing, 244 F.3d 99, 109 (2d Cir. 2001).

The rule in the Second Circuit is that dismissal without prejudice under Rule 41(a)(2) should be allowed absent prejudice to the defendant. See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996). In Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990), the Second Circuit listed five factors relevant to determining whether an action should be dismissed under Rule 41(a)(2): (1) the plaintiff's diligence in seeking dismissal; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for

the need to dismiss. See D'Alto 100 F.3d at 283. Since none of the parties have discussed these factors, this Court will examine them based on the record presented.

Several of the factors clearly weigh in favor of granting plaintiff's request. Plaintiff has been diligent in bringing this motion, seeking dismissal shortly after removal. As a result, this litigation is in its early stages. As there has been no discovery nor substantive motions, the claimed prejudice to defendants because of potential duplicitous litigation expenses is not substantial. Notwithstanding RMA's complaint over the costs already incurred, the prospect of a new litigation is ordinarily not sufficient to constitute legal prejudice. See D'Alto, 100 F.3d at 283 (citing Jones v. SEC, 298 U.S. 1, 19 (1936)).

Although there is no indication that plaintiff's claims are vexatious, plaintiff's conduct in inducing the Court to dismiss this action by filing of a notice of voluntary dismissal in state court is questionable and vexatious. Plaintiff represented to the Court in her Notice of Filing of Voluntary Discontinuance that the action had been voluntarily discontinued in the Civil Court. Although proceeding pro se, plaintiff is an attorney and undoubtedly was aware that she could not file a voluntary dismissal of this action in this Court after RMA filed its answer. She then proceeded to file a Notice of Voluntary Discontinuance in the Civil Court on March 15, 2005. She should also have known that after removal, the Civil Court lacked jurisdiction over the action until such time that this Court

-6-

remands the case.  Assuming that she was not aware of this and that she filed the notice in state court prior to the receipt of RMA's answer sent by overnight mail on March 14, 2005, plaintiff inexplicably remained silent after RMA objected.  In fact, although plaintiff's notice to this Court is dated March 15, 2005, it bears a March 23, 2005 date stamp of the Clerk's Office. Plaintiff may very well have filed her request to this Court after she received RMA's answer.  Plaintiff's conduct is, at best, irresponsible, assuming that she truly believed the notice of voluntary discontinuance filed in state court was valid at the time she made her request to dismiss the action.

Further, since plaintiff has not responded to the RMA's application, this court has no explanation why plaintiff needs to dismiss this action, other than an impression that she has no desire to proceed in this Court.  While she may be better able to minimize inconvenience to her by litigating her claims in a state court near her residence, this is not a factor weighing in favor of dismissal without prejudice.

Despite plaintiff's conduct and the lack of a persuasive reason, I find after considering the other Zagano factors, that they weigh in favor of dismissal of the action without prejudice. However, since Rule 41(a)(2) confers upon this Court the right to condition dismissal on such terms as may be proper, I recommend that this Court fashion relief to address RMA's concerns that it not be subject to duplicative legal costs should plaintiff bring a new action.